IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

RACHEL LEANN SCHULTZ,

    Plaintiff,

vs.

NANCY A. BERRYHILL,
Acting Commissioner,
Social Security Administration

    Defendant.

Case No. 3:16-cv-00757-JR
**OPINION AND ORDER**

AIKEN, Judge:

Plaintiff Rachel Leann Schultz filed this petition (doc. 29) for attorney fees in the amount of $7,928.78 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Defendant Commissioner of the Social Security Administration ("defendant", "Commissioner", or "government"), objects to plaintiff's application for attorney fees, arguing that the Commissioner was substantially justified in defending the denial of social security insurance (SSI) benefits under the Social Security Act, 42 U.S.C. § 401–434. For the reasons set forth below, plaintiff's petition (doc. 29) is GRANTED.

## BACKGROUND

Plaintiff filed her application for SSI on May 9, 2012. The Commissioner denied her application initially and upon reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") and an administrative hearing was held on July 8, 2014. Plaintiff then amended her alleged onset date to May 9, 2012. A second hearing was held on September 30, 2014 to take testimony from a non-examining medical expert after new evidence was added to the record. On December 24, 2014, the ALJ issued a written decision finding plaintiff not disabled. The Appeals Council denied plaintiff's subsequent request for review on March 9, 2016, and the ALJ's decision became the final decision of the Commissioner. Plaintiff subsequently appealed to this Court. Magistrate Judge Russo filed her Findings and Recommendation ("F & R") on April 21, 2017, finding that the Commissioner's decision was not supported by substantial evidence and recommending the case be reversed and remanded for immediate payment of benefits. (doc. 24) Subsequently, I adopted Judge Russo's F & R. (doc. 27) Plaintiff now seeks attorney fees under the EAJA and defendant objects. (doc. 29 & 30)

## STANDARD OF REVIEW

Under the EAJA, courts "shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . unless [this Court] finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A)[1]; *Meier v. Colvin*, 727 F.3d 867, 870 (9th

---

[1] In full, § 2412(d)(1)(A) provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court

Cir. 2013). "It is the government's burden to show that its position was substantially justified." *Meier*, 727 F.3d at 870 (citing *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001)). Substantial justification is defined as "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). "Put differently, the government's position must have a 'reasonable basis both in law and fact.'" *Meier*, 727 F.3d at 870 (quoting *Underwood*, 487 U.S. at 565).

## DISCUSSION

Plaintiff filed this petition for EAJA attorney fees in the amount of $7,928.78. Defendant objects arguing that the Commissioner was substantially justified in denying plaintiff benefits.

The EAJA establishes a two-part test for determining whether an award of attorney fees is appropriate. *See Thomas v. Peterson*, 841 F.2d 332, 335 (9th Cir.1988); *see also Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir.1995). First, the court must ascertain if the plaintiff was a prevailing party. *Flores*, 49 F.3d at 567. If the plaintiff was a prevailing party, the court must then evaluate whether the position of the United States was substantially justified in its position and that no other special circumstances exist for making an award of attorney fees unjust. *Id.*; *Meier*, 727 F.3d at 870. The "position of the United States" includes (1) the underlying agency action giving rise to the civil action and (2) the government's litigation position. *Id.* If the court finds that the government's underlying agency action was not substantially justified, it need not address whether the government's litigation position was justified. *Id.* at 872.

/ / /

---

having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

## I. Underlying Agency Action

In a case where the district court finds that the ALJ's decision is not supported by substantial evidence, the Ninth Circuit has held that such a situation is "a strong indication that the position of the United States . . . was not substantially justified." *Meier*, 727 F.3d at 872 (internal quotation omitted).

Magistrate Judge Russo, in her F & R, held that the ALJ's decision was not supported by substantial evidence, and I adopted the F & R. Specifically, the ALJ failed to provide legally sufficient reasons for rejecting the opinion of the treating physician Dr. Jenkins that plaintiff could not sustain full-time employment due to her severe mental illness. Additionally, the ALJ failed to provide legally sufficient reasons for rejecting Dr. Causeya's opinion that plaintiff would not be able to sustain full-time work because of plaintiff's ongoing anxiety and inability to be socially appropriate on a consistent basis. Further, the ALJ failed to provide legally sufficient reasons for rejecting Dr. Immerman's opinion that plaintiff was not able to sustain full-time work because of the severity and recurrent nature of plaintiff's mental illness and need for frequent psychiatric follow-up and support. Finally, the ALJ erred in rejecting Dr. Marie's opinion that plaintiff was unable to work because it was not supported by legally sufficient reasons. Thus, the Commissioner's decision was not supported by substantial evidence.

Substantial evidence is a legal standard meaning "more than a mere scintilla but less than a preponderance" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Bray v. Comm'r*, 554 F.3d 1219, 1222 (9th Cir. 2009). Having found that the ALJ's decision was not supported by substantial evidence, this case was also remanded for immediate payment of benefits.

Because Judge Russo and I found that the ALJ's decision was not supported by substantial evidence, I find that the position of the United States was not substantially justified.

## II. Litigation Position

Because I find that the government's underlying agency action was not substantially justified, I need not address whether the government's litigation position was justified. See, *Meier*, 727 F.3d at 872. Regardless, the inquiry into the government's litigation position will ordinarily encompass the inquiry into the administrative decision. *Flores v. Shalala*, 49 F.3d 562, 570, n. 11 (9th Cir. 1995), *as amended on denial of reh'g* (June 5, 1995). "It is difficult to imagine any circumstance in which the government's decision to defend its actions in court would be substantially justified, but the underlying administrative decision would not." *Id.* Indeed, the government offers a defense of its litigation position, but this largely reiterates arguments which were rejected in the F & R. Given the flaws in the ALJ's analysis, I am not persuaded that the government's litigation position was substantially justified.

## III. Special Circumstances

I also find that there are no other special circumstances exist for making an award of attorney fees unjust. A court may not award attorney fees where "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "The burden of proving the special circumstances or substantial justification exception to the mandatory award of fees under the EAJA rests with the government." *Love v. Reilly*, 924 F.2d 1492, 1495 (9th Cir. 1991). The government does not allege any special circumstances here for making an award of attorney fees unjust.

/ / /

/ / /

/ / /

## IV. Attorney's Fees

Plaintiff's counsel attached an exhibit to Plaintiff's Petition for Fees containing an itemized statement of attorney's fees demonstrating that he worked 41.15 hours on this case and billed $192.68 per hour to arrive at an attorney's fees total $7,928.78. The government does not oppose the amount of fees requested.

An award of attorney's fees under the EAJA must be reasonable. 28 U.S.C. § 2412(d)(2)(A). This Court has an independent duty to review the fee request to determine its reasonableness. *See, e.g., Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Under the EAJA, an award of attorney's fees is limited to $125.00 per hour "unless the court determines that an increase in the *cost of living* or a special factor, such as the limited availability of qualified attorney's for the proceeding involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A) (emphasis added); *see also Thangaraja v. Gonzales*, 428 F.3d 870, 876 (9th Cir. 2005). (citations omitted) ("EAJA provides for an upward adjustment . . . based on cost-of-living-expenses."). The cost of living adjustment is determined by multiplying the base EAJA rate ($125.00) by the current Consumer Price Index for all Urban Consumers ("CPI–U") and then dividing the product by the CPI–U in the month that the cap was imposed. *Thangaraja*, 428 F.3d at 877; *Sorenson v. Mink*, 239 F.3d 1140, 1148 (9th Cir. 2001).

Pursuant to these cost-of-living calculations[2], plaintiff's request of attorney's fees at $192.68 per hour is at or within the amount allowed. Plaintiff is awarded fees at the hourly rates of $192.68 for 41.15 hours of work performed by counsel for a total award of $7,928.78 in attorney's fees.

/ / /

---

[2] *See* STATUTORY MAXIMUM RATES UNDER THE EQUAL ACCESS TO JUSTICE ACT, https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited Dec. 14, 2017).

## CONCLUSION

Because the position of the United States was not substantially justified and because there are no special circumstances that make an award unjust, plaintiff's petition for EAJA fees (doc. 29) is GRANTED.

IT IS SO ORDERED.

Dated this 2nd day of January 2018.

/s/ Ann Aiken
Ann Aiken
United States District Judge